(32 Misc. Rep. 96.)

MEANEY v. ROSENBERG.

(Supreme Court, Appellate Term.   June 25, 1900.)

ATTORNEY AND CLIENT—EMPLOYMENT OF SUBSTITUTE—SERVICES—RECOVERY.
> Where an attorney has employed a substitute to act in his place, he cannot recover for the services of such substitute unless his client has assented to such conduct with knowledge of the facts.

Appeal from municipal court, borough of Manhattan, Fourth district.

Action by Joseph J. Meaney against K. Henry Rosenberg.   From a judgment dismissing the complaint, plaintiff appeals.   Reversed. See 59 N. Y. Supp. 582.

Argued before BEEKMAN, P. J., and GIEGERICH and O'GOR-MAN, JJ.

Greene & Stotesbury, for appellant.
Abraham Levy, for respondent.

PER CURIAM. An attorney's employment is undoubtedly one of personal trust and confidence, requiring his personal services, and he has no implied authority to retain associate counsel or to employ a substitute to act in his place, unless such conduct has been assented to by his client with full knowledge of the facts. Weeks, Attys. § 246. Under the record before us, plaintiff was, therefore, not entitled to recover for the services performed by the witness Brown. While the evidence is not, perhaps, as satisfactory as it might be, it nevertheless appears that plaintiff's assignor rendered certain services himself, and he was entitled to receive compensation therefor. The dismissal of the complaint was, therefore, improper.

Judgment reversed, and new trial ordered, with costs to the appellant to abide the event.